**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GARDEN CITY BOXING CLUB, INC., | No. C 07-5925 MMC |
| Plaintiff, | **ORDER GRANTING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT; VACATING HEARING** |
| v. | |
| MIGUEL JUAREZ ZAVALA, et al., | |
| Defendants. | |

Before the Court is plaintiff Garden City Boxing Club Inc.'s motion for default judgment against defendant Miguel Juarez Zavala ("Zavala") pursuant to Rule 55 of the Federal Rules of Civil Procedure. Zavala has not filed opposition. Having considered the papers submitted in support of the motion, the Court deems the motion appropriate for decision on the papers, VACATES the hearing scheduled for August 22, 2008, and rules as follows.

1. Having read and considered the affidavits of Joseph M. Gagliardi, Jeffery Kaplan, and Thomas P. Riley, and having before it the facts stated in the Complaint, which facts are deemed true by reason of the entry of default, see Danning v. Lavine, 572 F. 2d 1386, 1388 (9th Cir. 1978), the Court finds Zavala, having no license to do so, intercepted and rebroadcast, on November 27, 2004, a telecast for which plaintiff had exclusive distribution

rights, in violation of 47 U.S.C. § 605(a).  See Kingvision Pay-Per-View, Ltd. v. Backman, 102 F.Supp.2d 1196, 1197 (N.D. Cal. 2000) (holding unauthorized interception and broadcast of program for which plaintiff has distribution rights violates § 605(a)).[1]

        2.  Plaintiff, having elected statutory damages under § 605(a), is entitled to a "sum of not less than $1,000 or more than $10,000, as the court considers just."  See 47 U.S.C. § 605(e)(3)(C)(i)(II).  A traditional method of determining statutory damages is to estimate either the loss incurred by the plaintiff or the profits made by the defendants.  See Kingvision Pay-Per-View, Ltd. v. Body Shop, 2002 WL 393091, at *4 (S.D. N.Y. March 13, 2002).  Here, plaintiff has not submitted any evidence regarding the amount of losses it incurred.  With respect to any profits made by Zavala, plaintiff offers evidence that 24 persons were present at Zavala's establishment during the telecast, but that Zavala did not require patrons to pay a cover charge to enter the establishment.  (See Kaplan Aff.)  Zavala's profit, if any, thus appears to be derived only from the sale of an unknown amount of food and beverages sold to the 24 patrons present.  District courts commonly award a plaintiff statutory damages in the amount of $1000 where the apparent financial benefit to the defendants does not, as here, exceed $1000.  See, e.g., Kingvision Pay-Per-View, Ltd. v. Chavez, 2000 WL 1847644, at *3 (N.D. Cal. December 11, 2000) (awarding $1000 in statutory damages for violation of § 605 where only 13 patrons were present in defendant's establishment and defendant had not imposed a cover charge).  Accordingly, the Court finds plaintiff is entitled to statutory damages in the amount of $1000.

        3.  Where a violation of § 605(a) is "committed willfully and for purposes of direct or

---

[1] Plaintiff also alleges that Zavala's interception of the broadcast constitutes a violation of 47 U.S.C. § 553.  See 47 U.S.C. § 553(a) (prohibiting unauthorized interception of "any communications service offered over a cable system").  Where a plaintiff establishes that a defendant has violated both § 553(a) and § 605(a), in the absence of "unusual or particularly egregious circumstances," district courts have imposed damages under § 605 only.  See Backman, 102 F.Supp.2d at 1197.  Here, because no unusual or particularly egregious circumstances have been shown, the Court will award damages under § 605 only.  See id.  Accordingly, the Court does not reach the issue of whether Zavala has violated § 553(a).  See Kingvision Pay-Per-View Ltd. v. Lake Alice Bar, 168 F.3d 347, 349 n. 1 (9th Cir. 1999) (noting "[t]here are potentially intricate issues of overlap and distinction" between §§ 553 and 605).

indirect commercial advantage or private financial gain," the court may enhance the damages award by up to $100,000. See 47 U.S.C. § 605(e)(3)(C)(ii). For purposes of § 605(a), "willful" means a "disregard for the governing statute and an indifference for its requirements." See ON/TV v. Julien, 763 F.2d 839, 844 (7th Cir. 1985). Here, plaintiff submits evidence that its programming "cannot be mistakenly, innocently or accidentally intercepted," but rather can be intercepted only through purposeful conduct, including, for example, the installation of a "smartcard" on a satellite receiver line in order to permit de-scrambled reception of a pay-per-view cable broadcast. (See Gagliardi Aff. ¶ 8.) Consequently, the Court finds defendants acted willfully, for commercial advantage, and/or for private financial gain. To deter future willful violations, enhancement damages in the amount of $5000 will be awarded. See Joe Hand Promotions, Inc. v. Pete, 1999 WL 638215, at *2 (N.D. Cal. August 17, 1999) (awarding enhancement damages of $5000 "to deter future piracy of pay-per-view events").[2]

## CONCLUSION

For the reasons stated above, plaintiff's motion for default judgment is hereby GRANTED, and plaintiff shall have judgment against defendant Miguel Juarez Zavala in the amount of $6000.

The Clerk shall close the file.

**IT IS SO ORDERED.**

Dated: August 18, 2008

MAXINE M. CHESNEY
United States District Judge

---

[2] To the extent plaintiff requests by its motion an award of costs and attorneys' fees under 47 U.S.C. § 605, plaintiff fails to submit any evidence of such costs and fees, and, accordingly, plaintiff's request is denied. Such denial is without prejudice to plaintiff's seeking costs and fees in accordance with Rule 54 of the Civil Local Rules of this District.